FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL 2 4 2012

CENTRAL DISTRICT OF CALIFORNIA
BY Shy                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LANCE MATTHEWS, | Case No. CV 12-5961 CJC (AN) |
| Petitioner, | MEMORANDUM AND ORDER |
| v. | |
| LEROY D. BACA, | |
| Respondent. | |

## I. Background

On July 11, 2012, *pro se* petitioner Lance Matthews filed his pending habeas petition pursuant to 28 U.S.C. § 2254 ("§ 2254"). Pursuant to the Court's duty to screen § 2254 petitions before service,[1] the Court has reviewed the Petition and finds it must be dismissed because it plainly appears that Matthews is using the Petition to challenge the conditions of his confinement, not the legality or duration of a state conviction and related prison sentence

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See also* Local Rule 72-3.2 (authorizing magistrate judge to prepare proposed order for summary dismissal and proposed judgment for district judge if it plainly appears from the face of petition that petitioner is not entitled to relief).

1 (Pet. at 5.)

2   Specifically, the Petition reflects Matthews is currently in the custody of respondent Leroy D. Baca, the Sheriff of Los Angeles County, and that he is confined at the Los Angeles County Jail (Twin Towers) ("Jail"). (Pet. at 2.) The Petition does not specify the reason for Matthews' detention. (*Id.*) The Petition also fails to allege or show that Matthews has sought direct or collateral review of any claims relating to a state conviction or sentence that have been adjudicated on the merits by any of the state courts. (*Id.* at 2-4.) Further, the Petition raises two claims challenging the conditions of his confinement -- (1) a denial of access claim and (2) a denial of outdoor recreation and exercise claim. (*Id.* at 5.)

## II. Discussion

**A.  The Petition must be dismissed since it is directed at Matthews' conditions of confinement and does not challenge the legality or duration of his custody arising from a state conviction or sentence.**

A habeas corpus petition can only be used to challenge the legality or duration of a prisoner's confinement; in contrast, a civil rights action is the proper mechanism for challenging conditions of confinement. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (prisoner must bring condition of confinement claims by way of a civil rights complaint brought pursuant to 42 U.S.C. § 1983 ("§ 1983"), not a habeas corpus petition). Further, a district court only has jurisdiction to consider a § 2254 petition that is brought by a person in state custody pursuant to a state judgment of conviction or sentence who claims his state custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (a).

It plainly appears from the face of the Petition that Matthews is challenging the conditions of his confinement, not the legality or duration of an underlying state conviction and sentence. Therefore, the Court finds the Petition is subject to summary dismissal pursuant to Habeas Rule 4. *See Mayle v. Felix*, 545 U.S. 644, 656, 125 S. Ct. 2562 (2005) ("Under Habeas Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not

entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading.")

**B.    The Court declines to construe the Petition as a civil rights complaint.**

Although this Court has the discretion to convert the pending habeas petition to a prisoner civil rights case in appropriate circumstances, *see Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S. Ct. 407 (1971), *overruled on other grounds by Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378 (2006), it chooses not to do so here for the following reasons.

Prisoner civil rights actions under § 1983 are subject to different requirements than federal habeas proceedings under § 2254. The filing fee for a prisoner civil rights complaint is $350.00 compared to the substantially lower $5.00 filing fee for habeas petitions. 28 U.S.C. § 1914(a). Prisoners seeking to bring civil rights actions *in forma pauperis* ("IFP") must also qualify for IFP status and become financially responsible for paying the full $350.00 filing fee from their prison trust accounts. 28 U.S.C. §1915(b)(1).

Further, the Prison Litigation Reform Act has amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement imposed by § 1997e(a) applies to all claims relating to prison life that do not implicate the duration of a prisoner's sentence, *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983 (2002), and it is a mandatory prerequisite to bringing a civil rights action that cannot be waived by a district court. *Ngo*, 548 U.S. at 85; *Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819 (2001). "If the district court concludes that the prisoner has not exhausted nonjudicial remedies [in a § 1983 case], the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2002). In order to make sure that a prisoner has complied with the foregoing exhaustion requirements, this Court requires prisoners bringing § 1983 civil rights actions to use the Court-approved civil rights complaint form, which contains instructions that are tantamount to general orders of this Court and require the inmate to "attach copies of papers

related to the grievance procedure." Civil Rights Complaint Form CV-66, page 3; *see Brady v. Attygala,* 196 F. Supp. 2d 1016, 1018 (C.D. Cal. 2002).

Matthews' Petition is not prepared on this Court's approved prisoner civil rights complaint form. He has not paid the required $350.00 filing fee to file a prisoner civil rights complaint or shown that he is entitled to proceed IFP. He has not authorized funds to be withdrawn from his inmate trust account to pay for all or any part of the filing fee. The Petition does not allege or show that Matthews has exhausted his administrative remedies in accordance with the Jail's grievance procedures with respect to the subjects of his conditions of confinement claims.

Based upon the foregoing, the Court finds it is inappropriate to construe the Petition as a civil rights complaint and declines to do so.

### III. Conclusion

For the reasons set forth above, the Petition is summarily dismissed without prejudice. A judgment of dismissal of the entire action shall be entered accordingly.

**IT IS SO ORDERED.**

DATED: July 20, 2012

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge